IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| BRIAN DAVID HILL, | ) | CASE NO. 7:18CV00499 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTINSVILLE CITY JAIL, *et al.*, | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

Plaintiff, proceeding *pro se,* filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Inasmuch as the complaint does not conform to all requirements for a prisoner civil rights action, it is now

**ORDERED**

as follows:

(1) The complaint shall remain conditionally filed pending satisfaction of the requirements set forth herein. Plaintiff is advised that the court will not adjudicate legal and factual matters discussed in either a pleading or motion in this conditionally filed action until the plaintiff cures the deficiencies noted in this Order. Accordingly, plaintiff is encouraged to first resolve the noted deficiencies before filing motions or pleadings.

(2) Plaintiff is advised that his complaint fails to state claim upon relief may be granted. (1) Plaintiff FAILS TO CONNECT ANY DEFENDANT TO THE CONDUCT OF WHICH HE COMPLAINS. (2) THE JAIL IS NOT "A PERSON" SUBJECT TO SUIT UNDER § 1983. *See, e.g.*, *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 490 (E.D. Va. 1995) ("VDOC is **NOT A PERSON** amenable to suit under § 1983.") (emphasis added); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (asserting that prisons and jails are "are arms of the state for Eleventh

Amendment purposes and thus not 'persons' under § 1983"). (3) THE MARTINSVILLE POLICE DEPARTMENT IS NOT "A PERSON" SUBJECT TO SUIT UNDER § 1983. *See Rutledge v. Town of Chatham*, No. 4:10CV000054, 2010 WL 4569913, at *1 (W.D. Va. Nov. 5, 2010) ("[I]t is impossible to sue a local police department [under § 1983] in Virginia because, as a matter of law, there is no entity that can be sued."). The plaintiff is advised that he must conform to Federal Rules of Civil Procedure 8[1] and 10,[2] which plaintiff failed to do in his complaint. Because plaintiff fails to support his claims with specific acts committed by specific defendants that are subject to suit under § 1983, plaintiff **SHALL** file within fourteen (14) days of this Order an amended complaint, **which must be a new pleading that stands by itself without reference to a complaint, attachments, or amendments already filed. Plaintiff's filings to date will not be considered by the court and should not be referenced by plaintiff in the proposed amended complaint**. The

---

[1] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

\* \* \*

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
> (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[2] Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the titles of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs, Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence— and each defense other than a denial—must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

court requires plaintiff's proposed amendment to conform to the Federal Rules of Civil Procedure 8 and 10. A key component of a civil complaint is "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This provision requires that a civil plaintiff must state not only the legal conclusion that he believes he can prove against the defendant, but also must state facts "showing" what the defendant did that allegedly violates plaintiff's rights. The court will review the proposed amended complaint upon its filing to determine whether the court shall accept it under Rule 15 of the Federal Rules of Civil Procedure. **FAILURE TO AMEND THE COMPLAINT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER, TO CORRECT THE NOTED DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT**. If plaintiff chooses not to file an amended complaint, he may request voluntary dismissal without prejudice or wait for automatic dismissal at the end of fourteen (14) days. Plaintiff may then refile a proper complaint at the time of plaintiff's choosing, subject to the applicable statute of limitations.

(3) The Clerk is directed to send a copy of this order to plaintiff.

ENTER: This  20th  day of November, 2018.

                                           s/Joel C. Hoppe
                                           United States Magistrate Judge